UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROY A. DAY,                                    ) | |
| )                                              | |
|     *Plaintiff*        ) | |
| )                                              | |
| v.                                             ) | No. 2:16-cv-00275-JAW |
| )                                              | |
| LORNA R. GREY, et al.,                 ) | |
| )                                              | |
|     *Defendants*      ) | |

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND REVIEW UNDER 28 U.S.C. § 1915(e)(2)(B)**

In this *pro se* action arising out of a motor vehicle accident in Florida on April 29, 2016, between the plaintiff, a Florida resident, and the individual defendants, residents of Maine, I grant the plaintiff's request for leave to proceed *in forma pauperis* and recommend that the court allow the action to proceed after review under 28 U.S.C. § 1915(e)(2)(B).

## I.  In Forma Pauperis

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). However, section 1915(e)(2)(B) also provides, in relevant part:

> [T]he court shall dismiss the case at any time if the court determines that
>   (B) the action or appeal  --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such

1

complaints." *Nietzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S. D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.")

In support of his application for *in forma pauperis* status, the plaintiff initially submitted a document entitled Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 3), which did not include all of the information which this court requires in connection with such a motion. The clerk provided the plaintiff with a copy of this court's form application to proceed without prepaying fees or costs (ECF No. 6), and the plaintiff has now filled out and filed that form. ECF No. 8. The plaintiff has also filed a Motion for Order to Gain Access to "PACER" (ECF No. 4) and a Motion to Serve Defendants with USM-285 Form (ECF No. 5).

The plaintiff reports monthly income of approximately $743, ownership of a 2016 Chevrolet Spark on which he owes $16,410.11, $10.00 in a bank account, and approximately $1,200 in monthly expenses, as well as debt of $300,000. *Id*. These financial circumstances entitle him to proceed *in forma pauperis*.

## II. Section 1915 Review

The instant review does not end there, however. As noted above, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

So read, the plaintiff's complaint alleges that defendants Lorna R. Grey and Kenneth Grey, residents of Maine, intentionally drove their vehicle into the plaintiff's parked vehicle in the parking lot of the Hudson Library in Pasco County, Florida, on April 29, 2016, causing damage to the plaintiff's vehicle and injury to the plaintiff; that defendant GEICO, an insurer with a principal place of business in Washington, D.C., is vicariously liable, as the insurer of the Greys' vehicle, for all damages caused by the Greys; and that defendant 21st Century Centennial Insurance Company, the insurer of the plaintiff's vehicle with a principal place of business in the state of Delaware, breached its contract with the plaintiff by concealing the fact that the insurance policy covering his vehicle did not entitle him to "direct billing" for a rental car to replace the damaged, covered vehicle.

Against the individual defendants, the complaint seeks $500,000 as compensatory damages, Complaint ¶¶ 14 & 17(a); $500,000 for emotional pain and suffering, *id*. ¶¶ 15 & 17(b); and $5,000,000 in punitive damages, *id*. ¶¶ 16 & 17(c). Against GEICO, it seeks the same damages, but only if no award is made against the individual defendants. *Id*. ¶ 23. Against 21st Century, the complaint seeks $500,000 in compensatory damages and $500,000 for emotional distress. *Id*. ¶ 33. The complaint invokes this court's jurisdiction under 28 U.S.C. § 1332, *id*. ¶ 28, which requires that the amount in controversy in a case between citizens of different states must exceed $75,000.

The complaint's bare demands for damages do not necessarily meet this threshold, even though the amount in controversy is generally determined from the face of the complaint, *Moss v. Infinity Ins. Co.*, Case No. 15-cv-03456-JSC, 2015 WL 6095254, at *3 (N.D. Cal. Oct. 15, 2015). The amounts of damages sought in the instant complaint may be considered "flagrantly inflated," for a case concerning an accident in which the plaintiff's car was parked in a lot at the time of the

collision and the complaint does not allege that the plaintiff sought any treatment for injuries caused by the impact, *see* 14AA C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* (2011) at § 3707, or even that he was in the car at that time. *But see, e.g., Duchesne v. American Airlines, Inc.*, 758 F.2d 27, 29 (1st Cir. 1985) (while unlikely that plaintiff injured when bag from overhead bin in airplane fell on her head would recover more than the jurisdictional threshold, case should not be dismissed because such was not legally certain).

When a complaint claims a sum sufficient to satisfy the jurisdictional threshold, a federal court may dismiss the action only "if it is apparent, to a legal certainty, that the plaintiff cannot recover" at least the jurisdictional amount. *EQT Gathering Equity, LLC, v. Marker*, Civil Action No. 2:13-cv-08059, at *2 (S.D. W.Va. Aug. 7, 2014); *Stewart v. Tupperware Corp.*, 241 F.Supp.2d 132, 135 (D.P.R. Jan. 21, 2003). Here, the question is whether the plaintiff has alleged sufficient damages to show that his claims, including the reasonable value of his claims for declaratory and injunctive relief, Complaint at 8 & 13, could amount to a value of $75,000 or more. *See Moss*, 2015 WL 6095254, at *4.

The plaintiff may not be able to survive a later dispositive motion on these grounds, but the allegations in the complaint are sufficient to allege that the amount in controversy is sufficient under Section 1915 to proceed to service of the complaint. *Id.* On the face of the complaint, I cannot say to a legal certainty at this point that the plaintiff will not recover at least the jurisdictional amount.

### III.     Conclusion

Accordingly, I recommend that the action be allowed to proceed. If the court accepts this recommendation, service will be accomplished in the usual manner,[1] and the plaintiff's Motion to

---

[1] If the plaintiff does not file a timely objection to any portion of this order and recommended decision, the deadline for service of the complaint should be extended to 60 days from the deadline for filing such an objection, and the

4

Serve Defendants with USM-285 Form (ECF No. 5) will be moot.  The plaintiff may contact the clerk's office directly to arrange for access to PACER; no court order is necessary.  The plaintiff's Motion for Order to Gain Access to "PACER" (ECF No. 4) is unnecessary and therefore moot.

For the foregoing reasons, the plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

### NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 21st day of November, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

clerk is directed to arrange for service of the complaint, along with a copy of this order, upon the defendants as soon as possible.