## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| ROY A. DAY, | ) |
| | ) |
|     *Plaintiff* | ) |
| v. | )    No. 2:16-cv-00275-JAW |
| | ) |
| LORNA R. GREY, *et al.*, | ) |
| | ) |
|     *Defendants* | ) |

### *RECOMMENDED DISMISSAL*

On February 17, 2017, after the *pro se* plaintiff was directed for a fourth time to provide names and addresses of the defendants to facilitate service of his complaint by the U.S. Marshal, he filed a motion to stay the instant case pending the resolution of a state-court case that he indicates he commenced out of frustration with the pace at which this case was proceeding. *See* Plaintiff's Motion To Stay ("Motion To Stay") (ECF No. 22). He provides neither names nor addresses for the defendants, apart from stating that the court can find the addresses for two of the defendants in his complaint. *See id.* at [2]. Because the plaintiff has failed, despite multiple opportunities, to provide this straightforward information or to show cause why he cannot do so, and has himself indicated a preference to proceed in state court, I recommend that the court deny the Motion To Stay and dismiss this case without prejudice.

### I.    Procedural Background

On December 9, 2016, I issued an order directing that the plaintiff provide the defendants' full names and addresses to facilitate preparation by the Clerk's Office of the necessary documents for service by the U.S. Marshal. *See* ECF No. 17. On December 23, 2016, the plaintiff was ordered to provide that information no later than January 6, 2017. On January 4, 2017, the plaintiff filed a

1

motion to extend time to comply with the court's December 23, 2016, directive, stating that he had had a relapse of a medical disability and was unable to work on legal matters at that time. *See* ECF No. 18. The following day I granted that motion, directing that the plaintiff provide the defendants' full names and addresses no later than January 20, 2017. *See* ECF No. 19. I noted that "this is the third time that the plaintiff has been directed to provide this straightforward information[,]" pointed out that he had provided no corroboration of a medical relapse, and advised that "failure to comply with this order could result in the dismissal of this action for lack of prosecution." *Id*.

In response, on January 18, 2017, the plaintiff filed a motion for a 60-day extension of his deadline to provide names and addresses. *See* ECF No. 20. He also sought to corroborate his medical disability by asking the court to take judicial notice of a Social Security disability proceeding. *See id*.

On January 19, 2017, I granted the motion in part, directing that, no later than February 21, 2017, "the plaintiff shall either provide the full names and addresses of the defendants or show cause why he is unable to do so, failing which I shall recommend that this action be dismissed without prejudice for failure to prosecute." ECF No. 21. I noted: "This is now the fourth time that the plaintiff has been directed to provide this straightforward information and the second time that he has filed a motion to extend his deadline to do so on the basis of an uncorroborated medical disability[.]" *Id*. I declined to take judicial notice of the Social Security proceeding but noted that, even assuming that those records documented a medical disability, "the plaintiff does not explain, nor would this court be equipped to determine as a medical matter, how that disability has prevented him from complying with the court's directive to provide straightforward information,

2

particularly in a circumstance where he has been able to file two comparatively sophisticated motions to extend time to comply with that directive." *Id*.

In response, the plaintiff filed the Motion To Stay.

## II.     Discussion

The plaintiff represents that his state-court case "is now pending and is now the 'Lead Case,' with Defendants being served." Motion To Stay at [1] (emphasis omitted). He describes the state court as "a more compatible court," given the federal courts' asserted "bias and prejudice" against him. *Id*. at [2]. Yet, he seeks a stay, rather than dismissal, of the instant case on the basis of an asserted need "to ensure the statute of limitation issues are not violated." *Id*.

The plaintiff's repeated failure to provide straightforward information to prosecute this case or show cause why he could not do so dooms his bid to maintain the case in this court while he litigates what appear to be the same issues in a later-filed parallel state-court case. Even had he diligently prosecuted the instant case, he has made no showing that its dismissal would jeopardize his claims on statute of limitations grounds. Accordingly, I recommend that the Motion To Stay be denied and that this case be dismissed.

"A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute." *Diaz-Santos v. Department of Educ. of Commonwealth of P.R.*, 108 Fed. Appx. 638, 640 (1st Cir. 2004). In addition, Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp.3d 118, 126 (D.D.C. 2015).

3

The plaintiff's failure to provide the names and addresses of the defendants to facilitate the service of his complaint or show cause in writing why he could not do so warrants the dismissal of this action. *See, e.g., United States v. Edmunds*, Case No. 15-cv-2705 (JRT/TNL), 2016 WL 7670605, at *5 (D. Minn. Dec. 6, 2016) (rec. dec., *aff'd* Jan. 10, 2017) ("[W]hile pro se litigants are accorded a certain degree of latitude, Defendant's pro se status does not excuse him from complying with this Court's orders as well as the Federal Rules of Civil Procedure and the Court's Local Rules.").

Yet, although dismissal is appropriate, a separate issue remains whether the dismissal should be with prejudice. Unless the court directs otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As a general rule, however, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *See, e.g.*, *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127-28 (1st Cir. 2011). For example, "[d]ismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (citations and internal quotation marks omitted). "[W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Id*.

The plaintiff failed to comply with four consecutive court orders, seemingly choosing to abandon this case in favor of a later-filed action in state court. This failure arguably warrants dismissal with prejudice; however, given his *pro se* status, and erring on the side of caution, I recommend that the case be dismissed without prejudice.

### III.     Conclusion

For the foregoing reasons, I recommend that the Motion To Stay be **DENIED** and that the case be **DISMISSED** without prejudice.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 29th day of March, 2017.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge