UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ROY A. DAY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00275-JAW |
| | ) | |
| LORNA R. GREY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO STAY AND AFFIRMING DISMISSAL OF COMPLAINT**

Because the Plaintiff failed to comply with the Court's orders requiring him to supply the Clerk's Office with the names and addresses of the Defendants for service of the summons and complaint, because the Plaintiff chose a state forum as a "more compatible court" to proceed with this same lawsuit, and because the Plaintiff elected to cast aspersions against the judges of this Court rather than comply with their orders, the Court affirms the Magistrate Judge's recommendation to dismiss his complaint without prejudice and the Court resolves the remaining pending motions against the Plaintiff.

I.  **BACKGROUND**

On June 3, 2016, Roy Day, acting pro se, filed a complaint in this Court against Lorna Grey, Kenneth Grey, and two insurance companies arising out of an automobile accident that allegedly took place on April 29, 2016 in Pasco County, Florida. *Compl.* (ECF No. 1). Mr. Day alleges that he is a resident of the state of

Florida, that Lorna and Kenneth Grey are residents of the state of Maine, that GEICO General Insurance Company is a Washington, D.C. company with a principal place of business in Washington, D.C., and that 21st Century Centennial Insurance Company is a Delaware corporation with a principal place of business in Delaware. *Id.* ¶¶ 1–5. Mr. Day claims compensatory damages of $500,000, emotional distress damages of $500,000, and exemplary damages of $5,000,000. *Id.* ¶¶ 14–16. He claims that this Court has diversity jurisdiction under 28 U.S.C. § 1332. *Id.* ¶ 28.

On July 25, 2016, Mr. Day filed a second motion to proceed in forma pauperis,[1] *Appl. to Proceed in District Ct. Without Prepaying Fees or Costs* (ECF No. 8), and on November 21, 2016, the Magistrate Judge issued an order in which he granted the motion and recommended that the Court allow the case to proceed. *Order Granting Leave to Proceed In Forma Pauperis and Review under 28 U.S.C. § 1915(e)(2)(B)* (ECF No. 10). On December 9, 2016, this Court affirmed the recommended decision. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 16).

Meanwhile, on December 3, 2016, Mr. Day filed a motion to stay. *Pl.'s Mot. to Hold Action in Abeyance* (ECF No. 12). In the motion, Mr. Day explained that he had approached the Defendants to see if they would be amenable to settlement before he served them with the Complaint and he asked that the matter be held in abeyance while he determined whether settlement could be achieved without service of the Complaint. *Id.* at 1. Further, Mr. Day asked that the period within which service

---

[1] Mr. Day filed an initial motion for leave to proceed in forma pauperis on June 3, 2016, *Pl.'s Mot. for Leave to Proceed in Forma Pauperis* (ECF No. 3), and on July 15, 2016, the Magistrate Judge directed Mr. Day to complete the required form and to provide all of the necessary financial information on or before August 1, 2016. *Order* (ECF No. 7).

2

must be made be extended so that he could first determine whether settlement was going to be forthcoming. *Id.* at 1–2.

On December 5, 2016, the Magistrate Judge denied the motion to stay. *Order Denying Mot. to Stay* (ECF No. 14). The Magistrate Judge explained that the motion was premature because the Defendants had not yet been served and could not respond. *Id.* The Magistrate Judge further observed that Mr. Day could refile the motion to stay once the parties had been served, if he thought it was appropriate to do so. *Id.*

On December 9, 2016, the Court issued an order for service, directing Mr. Day to provide the names and addresses of the Defendants and, upon receiving that information, the Court ordered the Clerk's Office to prepare the necessary summonses, and the Marshal Service to make service. *Order for Service* (ECF No. 17). On December 23, 2016, the Clerk's Office noted that the deadline for providing this information was January 6, 2017.

On January 4, 2017, Mr. Day moved for an extension of time to provide the Court with the names and addresses of the Defendants because Mr. Day had experienced a relapse of his medical problems. *Pl.'s Mot. To Extend Time to Comply with the Court's Directive Dated December 23, 2016* (ECF No. 18). Mr. Day did not specify how long he would need in order to comply with the Court's order. *Id.* On January 5, 2017, the Magistrate Judge granted Mr. Day's motion for extension to January 20, 2017. *Order* (ECF No. 19).

On January 18, 2017, Mr. Day moved for another extension of time to provide the necessary information to the Court. *Pl.'s Second Mot. to Extend Time to Comply with the Court's Directive Dated January 5, 2017* (ECF No. 20). Again based on his asserted medical condition, Mr. Day asked for an additional sixty days to supply the names and addresses of the Defendants. *Id.* at 1–2. Mr. Day directed the Court to review his social security file on the "federal government database" to corroborate his medical condition. *Id.* On January 19, 2017, the Magistrate Judge granted the motion in part and denied it in part, allowing Mr. Day until February 21, 2017 to provide the Court with the necessary information and warning Mr. Day that if he failed to provide the Court with this information, his Complaint would be subject to dismissal. *Order* (ECF No. 21). The Magistrate Judge declined to seek out and review the contents of Mr. Day's social security file. *Id.* At the same time, the Magistrate Judge informed Mr. Day that if he supplied the names and addresses of the Defendants, the Marshal Service would serve the Defendants and the case could proceed. *Id.*

Instead of complying with the Court order, Mr. Day filed yet another motion to stay on February 17, 2017. *Pl.'s Mot. to Stay* (ECF No. 22). In this motion, Mr. Day revealed that he had filed a state court action against the same Defendants involving the same automobile accident. *Id.* at 1. He declared the state court action to be the "lead case" and the state court to be a "more compatible court." *Id.* at 1–2. He informed the Court that the Defendants are being served in that case. *Id.* at 2. As for the addresses of Lorna and Kenneth Grey, Mr. Day observed that he had set forth

4

their street addresses in his Complaint, but Mr. Day went on to accuse them of intentionally evading service of process in the state case and said that he was not sure if they were using a "blind drop" address and were scammers. *Id.* Mr. Day acknowledged that he had not provided the Court with the addresses of the two insurance company defendants. *Id.* Mr. Day then accused the federal court of having exhibited "EXTREME bias and prejudice" against him by "denying the law, facts, and evidence exist when they pertain to [him]" and by creating a "fraudulent database file" on him. *Id.* Mr. Day asked that this federal case be stayed pending the resolution of the state case in order to avoid the statute of limitations. *Id.*

On March 29, 2017, the Magistrate Judge issued a recommended decision in which he recommended that Mr. Day's Complaint be dismissed without prejudice. *Recommended Dismissal* (ECF No. 23). The Magistrate Judge noted that Mr. Day had failed to comply with the Court's orders that required him to supply the Court with the names and addresses of the Defendants and Mr. Day had further indicated a preference for proceeding in state court. *Id.* at 1–4. Accordingly, the Magistrate Judge recommended that the Complaint should be dismissed. *Id.* at 5. The only question was whether the Complaint should be dismissed with or without prejudice and in deference to Mr. Day's pro se status, the Magistrate Judge recommended that the dismissal be without prejudice. *Id.* at 4. The Magistrate Judge also recommended that Mr. Day's motion to stay be denied. *Id.* at 5.

On April 4, 2017, Mr. Day filed an objection to the recommended dismissal of his Complaint. *Pl.'s Obj. to the Recommended Dismissal Order* (ECF No. 24). In the

5

same document as this objection, he moved to vacate the March 29, 2017 order. *Pl.'s Mot. to Vacate the March 29, 2017 "Thinly Disguised Final-Default Order"* (ECF Nos. 24, 25). In his objection and motion, Mr. Day repeatedly describes the Magistrate Judge's March 29, 2017 recommended decision as "cunning, misleading and deceptive." *Id.* at 1–13. Finally, on June 23, 2017, Mr. Day filed an amended complaint. *Am. Compl.* (ECF No. 26).

## II. DISCUSSION

This Court does not know what to make of Mr. Day. Back on December 9, 2016, the Court merely ordered Mr. Day to supply it with the names and addresses of the Defendants that he is suing. This was, it would seem, a reasonable request. In fact, the Court informed Mr. Day that once it had this vital information, the Court would take it from there and direct the Clerk's Office to prepare the summons and the United States Marshal Service to serve the summons and complaint on the Defendants. The Court's order is utterly unremarkable. The order is routine among plaintiffs in Mr. Day's situation and is typically routinely complied with. It only required Mr. Day to inform the Court of where the Marshal Service could locate the Defendants that he is suing.

But Mr. Day seems most anxious to pick a fight with the Court. Instead of supplying this basic information, he filed repeated motions claiming that he was incapable of doing so and accusing the Court of bias. It seems obvious that if Mr. Day had the wherewithal to file these motions, he had the ability to supply the required information. Rather than complying with the Court orders, Mr. Day was determined

to argue about whether he should be required to comply and to impugn the integrity of the Court. Moreover, it turned out that Mr. Day was proceeding in his preferred forum, the courts of the state of Maine, on this very same claim.

There is no need to say anymore. The Magistrate Judge acted properly in dismissing without prejudice Mr. Day's Complaint. The federal courts are not the place for plaintiffs who refuse to comply with basic court orders and who view the court system as a forum to inveigh against the judges of the Court when the judges seek to enforce those orders. In addition, Mr. Day has shown no reason to stay his federal complaint while he litigates his state court action. The federal courts are not back-burner forums, where litigants are allowed to clog the federal docket by filing cases and keeping them inactive while they pursue remedies in other preferred jurisdictions. Nor has Mr. Day explained why, for an automobile accident that took place on April 29, 2016, he is now in danger of being barred from suit by an applicable statute of limitations, nor why his pending state court lawsuit fails to secure his right to proceed well within the applicable statute of limitations. Although Mr. Day's Complaint is being dismissed without prejudice, which means he may reinstitute it, the Court cautions Mr. Day that if he elects to proceed with another complaint in this Court involving this same accident, he must be prepared to comply with court orders to avoid this same result.

## III. CONCLUSION

The Court DENIES Plaintiff's Motion to Stay (ECF No. 22). The Court also DENIES Plaintiff's Motion to Vacate the March 29, 2017 "Thinly Disguised Final-

7

Default Order" (ECF No. 25). The Court OVERRULES the Plaintiff's Objection to the Magistrate Judge's Recommended Dismissal Order (ECF No. 24) and AFFIRMS the Magistrate Judge's Recommended Dismissal (ECF No. 23). The Court DISMISSES the Plaintiff's Complaint (ECF No. 1) without prejudice. Finally the Court STRIKES the Plaintiff's Amended Complaint (ECF No. 26) as moot.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of July, 2017